

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-50079 |
| Plaintiff, | |
| vs. | ORDER REGARDING MOTIONS TO SEVER |
| JOHN GRAHAM, a/k/a John Boy Patton, and VINE RICHARD MARSHALL, a/k/a Richard Vine Marshall, a/k/a Dick Marshall, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Count one of the superseding indictment in this case charges Defendants jointly with the unlawful killing and with aiding and abetting the killing of Annie Mae Aquash in violation of 18 U.S.C. §§ 2, 1111, and 1153. Defendants filed motions seeking separate trials under Rule 14(a) of the Federal Rules of Criminal Procedure. (Docs. 75 and 87.) The motions were referred to the Honorable Veronica L. Duffy, United States Magistrate Judge. The Magistrate's Order was filed on December 27, 2008. (Doc. 116.) The Magistrate denied the motions for separate trials and ordered that any party wishing to introduce at trial a testimonial out-of-court statement of either defendant that inculpates the other defendant to submit a proposed redacted statement to this Court not later than 15 days prior to the start of the trial in this case. Defendants filed objections, seeking reconsideration of the Magistrate's Order. (Docs. 123 and 134.) Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court may only reconsider any pretrial matter under subparagraph (A) where it has been shown that the Magistrate's order is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A). In her Order of December 27, 2008, Judge Duffy articulates her reasoning for denying the motions to sever, and carefully assesses the law and its application to the facts of the case. Considering the entire record, the Court concludes that Judge Duffy's Order is not clearly erroneous or contrary to law.

Marshall objected specifically to two redactions ordered by Judge Duffy. First is the December 26, 2003, interview of Defendant Marshall by Robert Ecoffey. The statement of the interview does not name Defendant Graham, but indicates that late one night a car load of people showed up at Marshall's house. The people included Theda Clark and Ms. Aquash and "two young guys" who Marshall could not or did not name. This Court finds that the statement poses a *Bruton* problem if introduced as it is written because everyone at the trial may know who the "two young guys" were. The Court agrees with Judge Duffy that, if admitted at trial, the statement should be redacted to make sure it is not interpreted by the jury to refer to Graham. "Others" should be substituted for "two young guys" to avoid the more specific reference. The Court rejects Marshall's argument that this redaction would be interpreted by the jury as a deliberate attempt by him to refrain from giving details to a law enforcement officer in order to protect the "others."

Marshall also objects to Judge Duffy's order that a videotaped interview of Arlo Looking Cloud by Robert Ecoffey be redacted to remove the name "Dick," in reference to a purported out-of-court statement by Richard ("Dick") Marshall to Robert Ecoffey. In the videotaped interview of Looking Cloud, Ecoffey tries to get Looking Cloud to admit to having been with Theda Clark, Mr. Graham and Ms. Aquash at Dick and Cleo Marshall's house. Looking Cloud denies having stopped at Marshall's house. In the face of Looking Cloud's denial, Ecoffey states, "[c]ause I know-I know for a fact that you stopped there, cause both Dick and Cleo-are telling me that you, [Graham], and Theda stopped there, and that you had Anna Mae, . . ." Marshall adamantly denies ever telling Ecoffey that Looking Cloud or Graham were at Marshall's house; this denial is supported by Marshall's own statement to Ecoffey discussed in the previous paragraph of this Order. Judge Duffy stated that it was unclear to her why Marshall would wish to introduce Ecoffey's erroneous statement to Looking Cloud, and she recommended redacting Marshall's name "in an abundance of caution." In his objections to Judge Duffy's order, Marshall explains that Ecoffey's statement to Looking Cloud that Marshall had accused him of being present with Ms. Aquash gives Looking Cloud a motive to make a false accusation implicating Marshall, and that it can be used to argue that Ecoffey lied to Looking Cloud. The government does not object to the redaction and offers to change the statement made by Ecoffey, but Marshall wants his name to remain in the videotape. He

2

contends that any other ruling would deprive him of exculpatory evidence. The Court sees no reason to deny Marshall's request. Accordingly,

IT IS ORDERED:

1. That Magistrate Duffy's Order is not clearly erroneous or contrary to law and Defendants are not entitled to separate trials.

2. That Defendants' objections to the Magistrate's Order on Defendants' Motions to Sever are overruled (docs. 123 and 134), with the exception of Marshall's objection regarding the interview of Arlo Looking Cloud by Robert Ecoffey: The redaction suggested by Judge Duffy on page 32 of her Order (doc. 116) need not be made.

3. That, as ordered by Judge Duffy, any party wishing to introduce at trial a testimonial out-of-court statement (with the exception noted above in paragraph 2) of either defendant that inculpates the other defendant, shall redact such statement to eliminate all reference to the other defendant and to his existence in accordance with Judge Duffy's opinion, and shall submit its proposed redacted statement to this Court for review not later than 10 working days prior to the start of the trial in this case.

Dated this 23rd day of April, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY