UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION


FILED
APR 29 2009

\**********************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 08-50079 |
| Plaintiff, | * | |
| vs. | * | ORDER ON MOTIONS |
| | * | TO DISMISS INDICTMENT |
| JOHN GRAHAM, a/k/a John Boy Patton, and VINE RICHARD MARSHALL, a/k/a Richard Vine Marshall, a/k/a Dick Marshall, | * | |
| Defendants. | * | |

\**********************************************************************

Pending before the Court are Defendant Graham's Motion to Dismiss Count III of the Indictment, doc. 49, and Defendant Graham's Motion to Dismiss All Counts of Indictment, doc. 152. Count I of the Superseding Indictment in this case charges Defendants jointly with the unlawful killing and with aiding and abetting the killing of Annie Mae Aquash, asserting that both defendants are Indians and that Ms. Aquash is also an Indian, in violation of 18 U.S.C. §§ 2, 1111, and 1153. Count II charges Graham alone with killing Ms. Aquash in violation of 18 U.S.C. §§ 2, 1111, and 1152. Count II alleges that Ms. Aquash is an Indian, but does not allege that Graham is an Indian. Count III alleges that Graham killed, and aided and abetted other Indians in killing Ms. Aquash in violation of 18 U.S.C. §§ 2, 1111, and 1153. Count III does not allege that Graham is an Indian. An element of the charge of 18 U.S.C. § 1153 is that the defendant is an Indian. An element of the charge of 18 U.S.C. § 1152 is that either the defendant or the victim must be an Indian.

In Graham's previous file, 03-50020, the Court dismissed the one-count Superseding Indictment because the government failed to allege that Graham was an Indian, an essential element of the charge under 18 U.S.C. § 1153. Following dismissal of the Superseding Indictment in 03-

50020, the government re-indicted Defendant Graham in this case. Count III of the Superseding Indictment in the present case is substantially the same as the count dismissed in 03-50020. It does not allege one of the essential elements of an offense under 18 U.S.C. § 1153: that defendant Graham is an Indian. The government again argues that charging Defendant Graham in Count III with aiding and abetting under 18 U.S.C. § 2 is enough to charge him with a federal offense under 18 U.S.C. § 1153, even if Graham is not an Indian, because he aided and abetted Indians in the murder. There is no authority for this proposition and the Court rejects it. The Motion to Dismiss Count III of the Superseding Indictment will be granted. The reasoning of the Court on this same point was more fully set forth in the Memorandum Opinion and Order Dismissing Indictment in CR 03-50020, and that Order is incorporated by reference into this Order.

Defendant Graham argues that neither he nor Ms. Aquash qualify as an "Indian" under 18 U.S.C. §§ 1152 and 1153, and that the Superseding Indictment in this case must be dismissed for lack of federal criminal jurisdiction over him. The Eighth Circuit has held that whether a defendant or a victim are "Indians" under 18 U.S.C. §§ 1152 and 1153 is not jurisdictional issue but rather is a matter of proof at trial. *See United States v. Pemberton*, 405 F.3d 656, 659 (8th Cir. 2005); *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003). The Eighth Circuit in *White Horse* and *Pemberton* rejected the defendants' arguments that their Indian status was relevant to subject matter jurisdiction. That comports with the established law that a facially valid indictment is not subject to a challenge that it is based on incompetent or unreliable evidence. *See United States v. Williams*, 504 U.S. 36, 54-55 (1992); *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) ("On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. For the most part, that question does not involve any examination of the evidence.") (citations omitted). Count I of the Superseding Indictment alleges the essential elements of a charge under 18 U.S.C. § 1153, including that both defendants are Indians and that Ms. Aquash is an Indian. Count II charges Graham with a violation of 18 U.S.C. § 1152, and includes the Indian status element. Accordingly, Counts I and II of the Superseding Indictment are facially valid, do state an offense, and they will not be dismissed.

The charging statutes do not define "Indian," and federal courts use a two part test to determine whether a defendant or a victim are "Indians" as that term is used in 18 U.S.C. §§ 1152 and 1153. First, the defendant or victim must be found to have "some Indian blood." Second, the defendant or victim must be recognized as being Indian. *United States v. Rogers*, 45 U.S. 567 (1846); *see also United States v. Lawrence*, 51 F.3d 150, 152 (8th Cir. 1995) (11/128ths Oglala Sioux Indian satisfied the first prong of the *Rogers'* test of some Indian blood, but the second "recognition" prong was not met so dismissal of indictment was affirmed); *United States v. Dodge*, 538 F.2d 770, 786-87 (8th Cir. 1976) (one-fourth Indian blood meets the first prong of the *Rogers'* test that the person has some Indian blood); *Sully v. United States*, 195 F. 113, 117 (8th Cir. 1912) (one-eighth Indian blood enough for Indian status); *Venzina v. United States*, 245 F. 411, 420 (8th Cir. 1917) (one-quarter to three-eights Indian blood enough for Indian status).[1]

As first articulated in *St. Cloud v. United States*, 702 F. Supp. 1456, 1461 (D.S.D. 1988), there are four factors which the courts have developed to assist with the application of the second prong of the *Rogers'* test. *See, e.g., Lawrence*, 51 F. 3d at 152. Those factors, which have been considered in declining order of importance, are: (1) tribal enrollment; (2) government recognition formally and informally through receipt of assistance reserved only to Indians; (3) enjoyment of the benefits of tribal affiliation; and (4) social recognition as an Indian through residence on a reservation and participation in Indian social life. *Id.* This Court does not view those four factors as being all inclusive nor that the four factors, especially after the first factor, are necessarily in a descending order of importance. The government anticipates that the evidence at trial with regard

---

[1] All of these cases involve American Indian blood. It appears that the government has no evidence that Graham or Aquash have any quantum of American Indian blood. The Court agrees with Graham that "Indian blood" must be defined in a manner that recognizes the unique relationship between the United States government and Indian tribes located within its borders. The blood of Canadian Indians such as Graham and Aquash, though ethnically Indian, is not Indian blood as that term is used in 18 U.S.C. §§ 1152 and 1153. Rather, Indian blood means blood from recognized American Indian tribes. A person could be an enrolled member of a Canadian tribe and also have a quantum or some American Indian blood. There is no suggestion, let alone evidence, in the record that such is the case with either Defendant Graham or Ms. Aquash. It may be troublesome, but this lack of evidence regarding an element of the offense does not provide a basis for the Court to dismiss the Superseding Indictment at this time because the Eighth Circuit has held that the dispute over Indian status is a matter of proof at trial rather than a jurisdictional matter.

3

to the second prong of the *Rogers'* test will demonstrate the affiliation of Graham and Aquash with, among others, the Oglala Sioux Tribe.

However, the record shows that both Defendant Graham and the victim, Ms. Aquash, are and were enrolled members of different Canadian Indian tribes and there is no showing that they neither have nor had any American Indian blood. If the proof at trial is no different, then that means Graham's motion to dismiss Counts I and II will have to be granted for failure to prove of an element of Counts I and II.[2] Then the only governmental entity that could try Mr. Graham would be the State of South Dakota. *See United States v. McBratney*, 104 U.S. 621, 624 (1881)(Congress did not assume jurisdiction over crimes committed within Indian country by non-Indians against other non-Indians in 18 U.S.C. § 1152 and therefore the states have jurisdiction over these offenses).

If the Indian status issue was still considered to be jurisdictional, as it was in *United States v. Lawrence*, 51 F.3d 150, 151 (8th Cir. 1995)("[T]he present case calls for a conclusion as to whether a particular person qualifies as an 'Indian' for purposes of federal jurisdiction. While many subsidiary facts may go into this determination, we believe that ultimately the determination of Indian or non-Indian status is a conclusion of law."); *United States v. Driver*, 945 F.2d 1410, 1412 (8th Cir. 1991) ("For jurisdictional purposes, section 1152 confers jurisdiction with respect to crimes committed on Indian lands, except those committed by Indians, and section 1153(a) establishes jurisdiction with respect to certain crimes . . . committed by Indians."); *United States v. Norquay*, 905 F.2d 1157, 1162 (8th Cir. 1990)("Defendant is correct that his non-Indian accomplice is outside the reach of federal jurisdiction because the victim of the burglary was also a non-Indian."); and *United States v. Dodge*, 538 F.2d 770, 776 (8th Cir. 1976) (reversing conviction of defendant Fleury, a non-Indian, for burglary against a non-Indian on the reservation for lack of jurisdiction under 18 U.S.C. § 1152), then this issue could be ruled upon prior to trial as a matter of law. Instead, under

---

[2]Considering the likelihood that the charges against Graham in Counts I and II of the Superseding Indictment will need to be dismissed at trial, counsel should be prepared on next Tuesday afternoon to argue whether or not the decision to deny a severance of the trials should be revisited, with the trial of Richard Marshall to proceed first.

the later authority of *Pemberton* and *White Horse*, this Court does have subject matter jurisdiction and Indian status is an element of the offense and a matter of proof at trial. Accordingly,

IT IS ORDERED:

1. That Defendant Graham's Motion to Dismiss Count III of the Indictment, doc. 49, is granted.

2. That Defendant Graham's Motion to Dismiss All Counts of Indictment, doc. 152, is denied.

3. That argument on the Motion to Sever will commence at 1:00 P.M. (Mountain Daylight Time) on Tuesday, May 5, 2009, at the 2nd floor courtroom of the Federal Courthouse in Rapid City, South Dakota.

Dated this 29th day of April, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY

5